Christopher Kim Thompson (SBN: 015895)
Belle Meade Center, Suite 300
85 White Bridge Road
Nashville, TN 37205
P: (615) 832-2335
F: (615) 242-7853
Kim@thompsonslawoffice.com
Attorney for Plaintiff,
*Donald Parsons*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| DONALD PARSONS,<br><br>    Plaintiff,<br><br>vs.<br><br>CAPITAL ONE BANK, N.A.,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Donald Parsons ("Plaintiff"), through his attorneys, alleges the following against Defendant, Capital One Bank, N.A. ("Defendant").

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

## JURISDICTION AND VENUE

2. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person residing in Jefferson County, Tennessee.

5. Defendant is a credit card provider with its headquarters located in Virginia and regularly transacts business throughout the United States and Tennessee. Defendant may be served with process through its agent, Corporation Service Company at 100 Shockoe Slip, 2nd Floor, Richmond, Virginia 23219.

## FACTUAL ALLEGATIONS

6. Defendant is attempting to collect a debt from Plaintiff.

7. On and around August 2017, Defendant began placing calls to Plaintiff's cellular phone number (423) 231-6148, in an attempt to collect an alleged debt.

8. The calls came from phone number (800) 955-6600; upon information and belief this number is owned or operated by Defendant.

9. On or around August 9, 2017, at approximately 12:34 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

10. Defendant informed Plaintiff that it was attempting to collect a debt.

11. Plaintiff instructed Defendant not to contact him any further.

12. Defendant ignored Plaintiff's request to cease calls and continued calling him through December 2017.

13. Upon information and belief, approximately seventy-five (75) calls were made by the Defendant to the Plaintiffs cellular phone after Plaintiff had initially requested not to be contacted.

14. Upon information and belief, following most of the calls made by Defendant, a voice message was left on Plaintiff's cellular phone.

15. Upon information and belief, each message was left by "Karen" a representative employed by Defendant. Additionally, each message contained the same pause before "Karen" began speaking indicating the use of a pre-recorded message.

16. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain computer software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database od numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

17. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id.*

18. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id.* At 14091-92, paras. 132-33

19. The calls caused Plaintiff to become distracted at work, receiving continued calls several times a day.

20. Plaintiff was also embarrassed receiving these calls throughout his work day.

COMPLAINT AND DEMAND FOR JURY TRIAL
Case 3:18-cv-00373-JRG-DCP   Document 1   Filed 09/10/18   Page 3 of 5   PageID #: 3

21. The conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to, emotional and mental pain and anguish.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

23. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

24. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    (a)     Prior to the filing of the action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    (b)     Within four years prior to the filing of the action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

25. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, Donald Parsons, respectfully requests judgment be entered against Defendant, Capital One Bank, N.A., for the following:

A. Statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B)(C);

B. Any other relief that the Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

By: */s/Christopher Kim Thompson*
Christopher Kim Thompson (SBN: 015895)
Belle Meade Center, Suite 300
85 White Bridge Road
Nashville, TN 37205
P: (615) 832-2335
F: (615) 242-7853
Kim@thompsonslawoffice.com
Attorney for Plaintiff,
*Donald Parsons*

By: */s/Alla Gulchina*
Alla Gulchina (NJ Bar #003732010)
**Price Law Group, APC**
86 Hudson Street
Hoboken, NJ 07030
alla@pricelawgroup.com
Attorney for Plaintiff, Donald Parsons
*(Will be seeking admission pro hac vice)*